COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JAMES E. SELLERS

v.   Record No. 2811-96-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
TIDEWATER SAND COMPANY                          JUNE 3, 1997
AND
INSURANCE COMPANY OF
 NORTH AMERICA


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (James E. Sellers, pro se, on brief).

              (Patricia C. Arrighi; Law Offices of Powell
              and Arrighi, on brief), for appellees.


     James E. Sellers (claimant) contends that the Workers'

Compensation Commission erred in not holding Tidewater Sand

Company (employer) responsible for the cost of Dr. Samuel I.

Brown's medical treatment and the surgery he performed on

claimant's left shoulder.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proof, the commission's finding is

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission found that claimant had recovered from his November 14, 1989 left shoulder dislocation and that no further medical treatment was required due to the compensable November 14, 1989 injury.  This finding is supported by the medical records.

On February 1, 1990, claimant's treating physician reported that claimant was asymptomatic and that he had full painless range of motion in the left shoulder, with no instability.  Based upon this medical report and the lack of any medical treatment related to claimant's left shoulder between February 1, 1990 and November 17, 1994, the commission was entitled to infer that claimant had fully recovered from the November 14, 1989 injury. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

Based upon this record, we cannot say as a matter of law that claimant's evidence proved that employer should be held responsible for the cost of claimant's post-November 17, 1994 medical treatment related to his left shoulder condition. Accordingly, we affirm the commission's decision.

Affirmed.